UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TAMMI FUQUA,
    Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,
    Defendant.

Case No. 16-cv-01193-JCS

**ORDER REGARDING MOTIONS IN LIMINE AND OTHER PRETRIAL CONFERENCE RULINGS**

## I. PRETRIAL CONFERENCE RULINGS

This order memorializes the Court's rulings on the parties' motions in limine addressed at the February 2, 2018 pretrial conference. This order is not intended as a complete recitation of matters discussed at the pretrial conference, many of which are captured in the minutes (dkt. 95).

Plaintiff Tammy Fuqua's first motion in limine (dkt. 60), to exclude evidence of Fuqua's complaints of harassment in the course of her employment with the Fairfield Suisun Unified School District, is GRANTED.

Fuqua's second motion in limine (dkt. 61), to exclude evidence regarding any findings made by the Department of Fair Employment and Housing, is GRANTED.

The first motion in limine (dkt. 63) by Defendant United Parcel Service, Inc. ("UPS"), to exclude evidence of conduct at UPS's Napa and Richmond facilities before the date of Fuqua's injury on October 3, 2013, is GRANTED.

UPS's second motion in limine (dkt. 64), to exclude evidence regarding jobs that Fuqua may have been qualified for other than three positions identified by Fuqua in opposition to UPS's motion for summary judgment, is DENIED.

UPS's third motion in limine (dkt. 65), to exclude evidence of purported discrimination based on factors other than disability (such as race, gender, age, and single motherhood, as well as

retaliation), is GRANTED.

UPS's fourth motion in limine (dkt. 66), to exclude the witnesses Eddie Abile, Carolyn Featherstone, Cheryl Jackson, Myesha McFadden, and Christopher Thompson for lack of relevant knowledge, is GRANTED.

UPS's fifth motion in limine (dkt. 67), to exclude evidence of violent acts including "shooting, suicide and trauma" at UPS facilities, is GRANTED.

On consent of Fuqua's counsel and for the reasons discussed at the pretrial conference, Fuqua's claim for wrongful termination in violation of public policy is DISMISSED.

No evidence of overpayment of state disability benefits will be presented unless Fuqua opens the door to such evidence.

## II. MOTION TO FILE TARDY MOTION IN LIMINE

Fuqua's motion to file an additional motion in limine after the deadline (dkt. 117), addressing evidence regarding whether Fuqua was injured in a "chute" as compared to a "grater," is DENIED. Fuqua has presented no explanation as to why the motion in limine could not have been brought before the deadline. Fuqua's assertion that "[t]rial preparation is a dynamic enterprise, limited only by counsel's imagination," dkt. 117 at 3, fails to account for the limitations imposed by court-ordered deadlines.

## III. FUQUA'S THIRD MOTION IN LIMINE

This order does not resolve Fuqua's third motion in limine (dkt. 114), addressing evidence of Fuqua's representation to the California Employment Development Department regarding her disability, which has been briefed in accordance with the Court's instructions at the pretrial conference.

**IT IS SO ORDERED.**

Dated: August 3, 2018

_____
JOSEPH C. SPERO
Chief Magistrate Judge